IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BOGGS, | No. 4:22-CV-01312 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| PRIMECARE MEDICAL, INC., *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

SEPTEMBER 30, 2022

Plaintiff Steven Boggs is currently in pretrial detention in Dauphin County Prison (DCP) in Harrisburg, Pennsylvania. Boggs filed the instant *pro se* Section 1983[1] action concerning allegedly deficient medical care he received at DCP, asserting claims against the prison's contracted medical provider and two healthcare workers. Because Boggs fails to state a claim for relief under Section 1983 against any Defendant, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant Boggs leave to amend.

I.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[2] One

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] *See* 28 U.S.C. § 1915A(a).

basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[3] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[4]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[5] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[6] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[7]

---

[3] *Id.* § 1915A(b)(1).
[4] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[5] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[6] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[7] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[8]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[9]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[10]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[11]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Because Boggs proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[13]  This is particularly true when the *pro se* litigant, like Boggs, is incarcerated.[14]

## II. DISCUSSION

Boggs alleges that from June 23 to June 26, 2022, while in "the hole" at DCP, an unidentified nurse gave him the wrong medication.[15]  He asserts that he

---

[8]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[9]  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Iqbal*, 556 U.S. at 681.
[13] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[14] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[15] Doc. 1 at 4.

had a reaction to the medication and "broke . . . out real bad" on his "arms, chest, stomach, and legs" and still has "sores" all over his body.[16] He claims that he is allergic to Bactrim and believes this is the medication that the nurse gave to him.[17] He further alleges that, when speaking to other nurses, they all told him that "it was a medication error."[18]

Boggs' complaint, liberally construed, appears to be raising a claim under the Fourteenth Amendment[19] for deliberate indifference to serious medical needs.[20] Boggs names the following defendants: PrimeCare Medical, Inc. (PrimeCare),[21] Diane Wolf, and an unidentified nurse at DCP who allegedly gave him the wrong medication.[22] Boggs, however, fails to allege personal involvement for Wolf and cannot bring a Section 1983 claim against PrimeCare. And as to the one Defendant for which Boggs does allege personal involvement, he fails to plausibly

---

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] Because Boggs is a pretrial detainee, his Section 1983 claims implicate the Fourteenth Amendment, not the Eighth. *See Jacobs v. Cumberland County*, 8 F.4th 187, 193-94 (3d Cir. 2021); *Thomas v. Cumberland County*, 749 F.3d 217, 223 n.4 (3d Cir. 2014).

[20] The Court notes that, on the first page of his complaint, Boggs checked the box indicating that he was bringing a "Negligence Action under the Federal Tort Claims Act (FTCA) . . . against the United States." Doc. 1 at 1. First, Boggs has sued state officials, not the United States or federal actors, so the FTCA does not apply. Second, if Boggs is attempting to assert state-law negligence claims only, this Court would have no jurisdiction to hear them without a related federal anchor claim. *See generally* 28 U.S.C. § 1367(a). The Court, therefore, focuses solely on the apparent Fourteenth Amendment claim of deliberate indifference to serious medical needs.

[21] PrimeCare Medical, Inc. is a corporate entity that contracts with and provides medical care to correctional facilities in Pennsylvania and beyond. *See* PRIMECARE MEDICAL, INC., http://www.primecaremedical.com/about-us/ (last visited Sept. 28, 2022).

[22] Doc. 1 at 1-3.

state a medical deliberate indifference claim. The Court takes each pleading deficiency in turn.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[23] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[24] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[25]

Boggs does not include any allegations that would establish personal involvement by Wolf in the purported constitutional violation. Wolf's name, in fact, appears only in the caption and the defendant-identification section of Boggs' complaint.[26] Because Boggs has failed to allege any personal involvement whatsoever by Wolf, the Court must dismiss the Section 1983 claim against her. Leave to amend will be granted in the event that Boggs can properly plead personal involvement and a constitutional violation.

---

[23] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[24] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[25] *Id.* (quoting *Rode*, 845 F.2d at 1207).
[26] *See* Doc. 1 at 1-3.

### B. "Person" Under Section 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by *a person* acting under color of state law."[27] Only "persons" are subject to suit under Section 1983, and entities such as medical departments or private medical contractors (like PrimeCare) do not qualify as "persons" for purposes of Section 1983.[28] Boggs' Section 1983 claim against PrimeCare is therefore fatally flawed and must be dismissed. Dismissal will be with prejudice because Boggs cannot cure this fundamental pleading deficiency.

### C. Alleged Fourteenth Amendment Violation

As previously noted, Boggs is a pretrial detainee, so his claim implicates the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's prohibition of cruel and unusual punishment. However, it does not appear that the United States Court of Appeals for the Third Circuit has established

---

[27] *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (emphasis added) (citing *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (citing 42 U.S.C. § 1983)).

[28] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64-65, 71 (1989); *Slagle v. County of Clarion*, 435 F.3d 262, 264 n.3 (3d Cir. 2006) (affirming on other grounds and observing that district court properly "dismissed Clarion County Jail as a defendant in this case," quoting district court's reasoning that "'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'"); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 554 (M.D. Pa. 2007) (finding that PrimeCare is not a "person for purposes of Section 1983" and thus not subject to liability under that statute); *see also Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (holding that "New Jersey Prison Medical Department" was a state agency and not a "person" under Section 1983).

or adhered to a different standard with respect to Fourteenth Amendment pretrial detainee medical indifference claims versus those raised by incarcerated individuals under the Eighth Amendment.[29]  Accordingly, the Court will apply existing Eighth Amendment jurisprudence to Boggs' Fourteenth Amendment medical indifference claim.

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[30]  To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[31]  A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[32]

---

[29]  This remains so even following the Supreme Court of the United States' decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), which established a different standard for pretrial detainee excessive force claims.  *See Moore v. Luffey*, 757 F. App'x 335, 340 & n.2 (3d Cir. 2019) (nonprecedential) (rejecting plaintiff's argument to apply *Kingsley*'s holding to Fourteenth Amendment medical care claim and instead analyzing under Eighth Amendment jurisprudence); *see also Parker v. Butler County*, 832 F. App'x 777, 780 & n.1 (3d Cir. 2020) (nonprecedential) (applying Eighth Amendment standard to pretrial detainee medical care claim while acknowledging Fourteenth Amendment is source of right); *Miller v. Steele-Smith*, 713 F. App'x 74, 76 n.1, 78 (3d Cir. 2017) (nonprecedential) (same); *Goode v. Giorla*, 643 F. App'x 127, 129 & n.3 (3d Cir. 2016) (nonprecedential) (same); *Edwards v. Northampton County*, 663 F. App'x 132, 136-37 (3d Cir. 2016) (nonprecedential) (citing *Natale v. Camden Cnty Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)).

[30]  *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

[31]  *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

[32]  *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[33] Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[34] Claims sounding in mere medical negligence will not suffice.[35]

The only Defendant for which Boggs includes allegations concerning his purportedly deficient medical care is an unidentified nurse who allegedly gave him the wrong medication for three days. Even assuming Boggs has identified a serious medical need, Boggs' allegations against this nurse do not come close to plausibly pleading "unnecessary and wanton infliction of pain." He contends that the nurse mistakenly gave him the wrong medication and it caused an allergic reaction. He further asserts that other nurses told him it was a medication error. These allegations may possibly implicate medical negligence, but they do not evince deliberate indifference to serious medical needs. Boggs, in fact, uses the term "negligence" in his complaint.[36] Consequently, any Section 1983 claim against the unidentified nurse must also be dismissed.

---

[33] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[34] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[35] *Rouse*, 182 F.3d at 197.
[36] *See* Doc. 1 at 4.

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[37] Because it is conceivable that Boggs could cure some of his pleading deficiencies, the Court will permit him to file an amended complaint—in accordance with this Memorandum—in the event that he can aver facts that would plausibly state personal involvement and a constitutional violation. The Section 1983 claim against PrimeCare, however, will be dismissed with prejudice, as granting leave to amend that claim would be futile.

Finally, the Court notes that if Boggs is attempting to assert only state-law negligence claims against Defendants, he may do so by filing a complaint in state court. To the extent that he is attempting to raise such state-law tort claims in the instant federal complaint, the Court will dismiss them without prejudice because all federal anchor claims are being dismissed.

---

[37] *Grayson*, 293 F.3d at 114.

## III. CONCLUSION

Based on the foregoing, the Court will dismiss Boggs' complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted. Boggs, if he is able, may file an amended complaint in accordance with this Memorandum. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge