IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN BOGGS, | No. 4:22-CV-01312 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| PRIMECARE MEDICAL, INC., *et al.*, | |
| Defendants. | |

# ORDER

**AND NOW**, this 30th day of September 2022, in accordance with the accompanying Memorandum **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis* is **GRANTED**.

2. The complaint is **DEEMED** filed.

3. Plaintiff shall pay the full filing fee of $350.00, based on the financial information provided in the application to proceed *in forma pauperis* and the Prisoner Trust Fund Account Statement. The full filing fee shall be paid regardless of the outcome of the litigation.

4. Pursuant to 28 U.S.C. § 1915(b)(1) and (2), the Superintendent, Warden, or other appropriate official at Plaintiff's place of confinement is directed to DEDUCT an initial partial filing fee of 20% of the greater of:

    a. the average monthly deposits in the inmate's prison account for the past six months, or

    b. the average monthly balance in the inmate's prison account for the past six months.

The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in Plaintiff's inmate trust fund account exceeds $10.00, the Superintendent, Warden, or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number.

5. The Clerk of Court is directed to **FORWARD** a copy of this Order to the Superintendent/Warden of the institution wherein Plaintiff is presently confined.

6. Plaintiff's Section 1983 claims against defendants Diane Wolf and the unidentified "nurse" who gave Plaintiff "the wrong medication" are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

7. Plaintiff's Section 1983 claim against defendant PrimeCare Medical, Inc. is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

8. To the extent that Plaintiff is asserting claims of state-law negligence against Defendants, those claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction, as the related federal claims in this matter have been dismissed.

9. The Clerk of Court is directed to mark defendant PrimeCare Medical, Inc. as terminated.

10. Plaintiff shall have 21 days, or until October 21, 2022, to file an amended complaint.

11.   If no amended complaint is timely filed, the Court will CLOSE this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge